UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JILL CRAIL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>I.C. SYSTEM, INC., )<br>)<br>Defendant. ) | No. 1:14-cv-2125-WTL-DKL |

**ENTRY ON PLAINTIFF'S *MOTION TO COMPEL* [Dkt. 33]**

On November 16, 2015, the Court held a telephonic conference to discuss a discovery dispute. The parties were unable to resolve the dispute regarding Request for Production 14, which requests a copy of the fee arrangement between Defendant and the original creditor regarding the debt at issue. Plaintiff was directed to file a motion to compel by November 18, 2015. On November 18, Plaintiff filed what was titled, *Notice of Relevance of Discovery Request* [dkt. 33], which the Court treats as her motion to compel. Defendant filed its response in opposition, and the motion has been referred to the undersigned magistrate judge for ruling.

Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, are based on a January 1, 2014 dunning letter Defendant sent Plaintiff in an attempt to collect a debt of hers that was in default. She alleges that "the debt was placed or otherwise transferred to the Defendant for collection." [*Compl.*, ¶ 20.] The dunning letter states that the "Principal Due" is $1,065.76 and the "Balance Due" is $1,065.76. The letter

also provides: "The balance shown above is the amount due as of the date of this letter. This amount may change due to interest or other charges that may be added to the account after the date of this letter." [*Compl., Ex. A*. dkt. 1-3.]  Plaintiff alleges that the original creditor, AT&T Uverse, was not charging interest or adding other charges to the account and, therefore, the amount of the debt would not increase, despite Defendant's threat.  She claims that Defendant was misrepresenting the character of the debt in an attempt to collect from her.

Plaintiff's contract with Uverse (the "Uverse Contract") provides:  "If you do not pay by the due date, we may charge you a collections fee, late payment charge, and/or an interest charge.  …  Our acceptance of late or partial payment … or late payment charges shall not constitute waiver of any of our rights to collect the full amount due under this Agreement."  [Dkt. 35-2 at 3 (CRAIL 15).]  The Uverse Contract further provides:

> **e. Collection Fee.**  In the event you fail to pay billed charges when due and it becomes necessary for AT&T to refer your account(s) to a third party for collection, AT&T will charge a collection fee … to cover the internal collection-related costs AT&T has incurred on such account(s) through and including the date on which AT&T refer(s) the account(s) to such third party.

[Dkt. 35-2 at 4 (CRAIL 16).]

Plaintiff argues that "the underlying agreement did not provide Defendant with the authority to add" interest or other charges and, therefore, Defendant could have such authority only if it was provided by the original creditor.  [*Notice of Relevance of Discovery Request*, dkt. 33 at 1.]  Plaintiff seeks discovery of Defendant's fee agreement with AT&T,

the original creditor, to ascertain whether that agreement provided Defendant with authority to charge interest and/or other fees. She argues that the agreement is relevant because if it did not provide Defendant with the authority to charge interest or other charges, then Defendant lacked authority to do so, and by threatening to add such charges, it violated the FDCPA. Plaintiff submits that Defendant previously agreed to produce the agreement upon the entry of a protective order. The Court has approved a Protective Order in this case. [*See* Dkt. 23.]

Defendant responds that the agreement between it and AT&T (the AT&T Services, Inc. Proprietary and Confidential Collection Services Agreement, referred to as the "Collection Services Agreement" or "CSA") is not relevant to any claims or defenses in this action and thus not discoverable. It argues that this action will be decided based on the language of the Uverse Contract and whether AT&T could add interest and other charges to Plaintiff's debt. Defendant maintains that Plaintiff has not shown good cause to order production of the CSA. Defendant has objected to Request for Production No. 14 on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence and it seeks information not relevant the Plaintiff's claim that the safe harbor language in the dunning letter was misleading or Defendant's defense that the safe harbor language was appropriate based on the Uverse Contract. [*See Def.'s Am. Response and Second Am. Response to Request No. 14*.] Defendant states that it did not agree to produce the CSA.

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense" and

3

provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may move to compel discovery when the opposing party fails to respond to a discovery request. Fed. R. Civ. P. 37(a). The party objecting to the discovery request bears the burden of showing that the request is improper. *See, e.g., Arcangelo, Inc. v. DirectBuy, Inc.*, No. 3:13-CV-104-PPS-JEM, 2015 WL 5148513, at *1 (N.D. Ind. Sept. 2, 2015).

Despite the low threshold of relevance for discovery, the Court finds that the CSA is not relevant to any of the claims or defenses in this action. Defendant is right: this action will be determined based on the terms of Plaintiff's Uverse Contract and whether AT&T could add interest and/or other charges to her debt. *See, e.g., Toction v. Eagle Accounts Group, Inc.*, No. 1:14-cv-689-WTL-DKL, 2015 WL 127892, at *2-3 (S.D. Ind. Jan. 8, 2015) (denying motion for judgment on the pleadings and referencing the agreement between the original creditor and debtor as determinative of whether interest could be charged on the debtor's account); *Davis v. United Recovery Sys., LP*, No. 1:14-CV-657-WTL-DML, 2014 WL 5530142, at *2 (S.D. Ind. Nov. 3, 2014) (concluding that where the original creditor "presumably … could have continued [adding interest] until the debt[ ] was paid … it was not false for [the debt collector] to notify [the debtor] that her debt *might* accrue interest"). Even assuming that AT&T had not charged interest or added other charges to the account, Plaintiff has not argued that it could not have done so. And even if AT&T had not charged interest or added other charges to the account before the date of the

4

dunning letter, Plaintiff has not shown or argued that AT&T could not charge interest or add other charges after the date of the dunning letter.  Even if Defendant had no authority to add interest or other charges to the account, nothing suggests that AT&T also lacked such authority.  And the Uverse Contract tends to show otherwise:  AT&T was authorized to charge a collections fee, late payment charge, and/or an interest charge.  Although the CSA might be relevant to the subject matter involved in this action, it is not relevant to the claims or defenses, and Plaintiff has not shown good cause to order its production.

Accordingly, Plaintiff's *Motion to Compel* [dkt. 33], seeking an order compelling Defendant to produce the Confidential Collection Services Agreement between Defendant and AT&T, is **DENIED**.

**SO ORDERED this date:**  12/02/2015

*Denise K. LaRue*
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record